UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO J. ROBINSON, | ) | CASE NO. 4:09CV1443 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **ORDER** |
| | ) | [Resolving Doc. 13, 15] |
| Defendant. | ) | |
| | ) | |
| | ) | |

Currently pending before the Court are Defendant's Motion to Dismiss all of Plaintiff's claims (Doc. 13) and Plaintiff's Motion to treat Defendant's Motion to Dismiss as a motion for summary judgment (Doc. 15). The Court has been advised, having reviewed the parties' briefs and the record in this matter, as well as applicable case law. For the reasons set forth herein, Defendant's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's motion is GRANTED.

Plaintiff brought this action in order to obtain records from Defendant regarding the change in his security status while he was housed at FCI Elkton. It appears from the record that Plaintiff sought not only the Management Variable Form EMS-409 ("MGTV"), which is the form that reflects a decision by BOP personnel to vary a prisoner's security classification, but also any records relied upon by BOP personnel in making the decision to issue an MGTV. However, the record reflects that his request for additional records relied upon in issuing the MGTV was treated by the BOP as duplicative of his request for the MGTV itself.

Plaintiff now brings four claims against Defendant. First, he brings a claim under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), citing Defendant's failure to provide the requested documents within twenty days of his request. Plaintiff's second and third claims are

that Defendant has violated 18 U.S.C. § 3621(b), the statute authorizing the BOP to determine an inmate's security level, because its procedures in making those determinations are arbitrary and capricious, as are its application of those procedures to him. Finally, Plaintiff raises a constitutional claim (presumably under 42 U.S.C. § 1983) in which he alleges that his Fifth Amendment right to Due Process was violated by Defendant's failure to inform him of the reasons for the change in his security level.

Plaintiff asserts that claims two, three and four should be dismissed for failure to exhaust. It contends that the FOIA claim should be dismissed because Plaintiff received the forms he requested and his increased security level was later rescinded and he was transferred to a lower security facility.

## I. Factual and Procedural Background

At all times relevant to his Complaint, Plaintiff has been housed at FCI Elkton. In September 2007, Plaintiff became subject to an MGTV that elevated his security status and required that he be housed in a part of FCI Elkton in which security was higher and visitation was restricted. This apparently lasted until September 2008.

On December 18, 2008, Plaintiff, in accordance with the internal grievance procedures in the prison, informally requested the MGTV governing his security level from September 2007 to September 2008. Defendant informed him that the MGTV had been prepared by the BOP Designation and Sentence Computation Center ("DSSC"), the body that reviews and approves MGTVs for prisoners, apparently sometimes without input from institutional staff.

Having learned that no information could be given to him from institutional staff at Elkton, Plaintiff took his request to the next level, which required that he file a formal Request for Administrative Remedy at Elkton. He filed that request on December 23, 2008, seeking the

2

original MGTV form placed on him from September 2007 to September 2008.  He received a response on January 12, 2009, once again indicating that the form was prepared not by the institutional staff but by DSSC, and that therefore the institution could not provide a copy of the form.

Plaintiff appealed that response to Defendant's regional office on January 21, 2009, requesting the MGTV placed on him from September 2007 to September 2008.  He received an explanation of his security classification, which had included a request (though the record does not indicate by whom the request was made) to extend Plaintiff's security classification to November 18, 2009.  However, the response also included an indication that Plaintiff's classification had been reconsidered, and that he was being returned to the lower security classification and facility:  "[U]nit staff has considered your situation and will submit a lesser security transfer request.  As such, your appeal is granted."

Dissatisfied with this response (presumably because he had requested documentation rather than a change of status), Plaintiff made an appeal to the Administrative Remedy Section at the Office of General Counsel in Washington, D.C., which was received by that office on March 10, 2009.  Once again, Plaintiff requested the MGTV that applied to him from September 2007 to September 2008.  To that appeal, Plaintiff attached copies of the MGTVs that applied to him, dated August 29, 2007 and October 23, 2008.  This appeal was found to be moot because Plaintiff attached to the appeal the forms he requested in his appeal.

At some point Plaintiff obtained counsel, who wrote a letter to Defendant's Office of General Counsel indicating that Plaintiff had attempted to obtain documentation of the MGTV that applied to him.  The Office of General Counsel responded that, in order to obtain that

3

information, Plaintiff would have to file a FOIA request. The response included instructions about making a FOIA request.

Plaintiff made his FOIA request, which was received on May 4, 2009. He specifically requested that a copy of the MGTV placed on him from September 2007 to September 2008 be sent to his attorney, whom he identified in the letter. Defendant assigned this request a number. On May 22, 2009, Defendant received a second letter, this time requesting

> the form known as an EMS-409 prepared or entered into my records in August, September or October 2007, as well as any other records relied upon by the Designation and Sentence Computation Center on or about September 24, 2007 in determining that a Greater Security Management Variable should be applied to my classification.

*See* Ex. 11 to Herbin-Smith Affidavit, Doc. 13-2 at 50. Defendant treated this request as a duplicate of the request received May 4, 2009 and took no further action on it.

Defendant sent a letter to Plaintiff's counsel on June 16, 2009, informing him that two pages of records were being released to Plaintiff. Attached to the letter were the MGTV forms attached by Plaintiff to his March appeal. This appears to be the last action taken by Defendant on Plaintiff's requests. Plaintiff then filed this action on June 24, 2009.

**II.     Analysis**

Defendant has summarized the standards for dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It has clearly stated that a factual attack under 12(b)(1) permits a court to consider evidence and documents outside of the pleadings because it challenges the court's subject matter jurisdiction. It has also clearly stated that a motion to dismiss under 12(b)(6) for failure to state a claim does *not* permit the court to look beyond the pleadings. However, it has made no effort whatsoever to indicate which basis for dismissal applies to which of Plaintiff's claims. Defendant has indicated that the Court should dismiss Plaintiff's second, third and fourth claims for failure to exhaust administrative remedies. In so arguing, Defendant relies heavily

4

upon the documentation it has supplied from its affiant regarding Plaintiff's use of the administrative process in bringing his claims.

As the Sixth Circuit has held, failure to exhaust administrative remedies "is not a jurisdictional bar, but rather [exhaustion is] a condition precedent to an action in federal court." *McKnight v. Gates*, 282 Fed. App'x 394, 397 n.2 (6th Cir. 2008) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393-98 (1982). Therefore, Defendant's failure to exhaust argument will be considered under Fed. R. Civ. P. 12(b)(6), *see McKnight v. Gates*, 282 Fed. App'x at 397 n.2, and no evidence outside the complaint will be considered.

Defendant's basis for moving under 12(b)(1), presumably as to the FOIA claim, remains unclear. However, as set forth below, the Court is disinclined to grant that aspect of the Motion, and therefore will not spend inordinate amounts of time trying to supply a basis for Defendant.

### A. FOIA claim

Defendant apparently believes that Plaintiff's FOIA claim should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction to hear the claim. The Sixth Circuit has recognized that there are generally two types of challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial challenges and factual challenges. *Gentek Bldg. Prods., Inc., v. Steel Peel Litg. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence[.]" *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). This weighing of evidence includes consideration of documents outside the complaint. *Ohio Nat'l Life*, 922 F.2d at 325. "[W]here subject matter jurisdiction is

challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

Unfortunately, after having clearly stated this standard, Defendant does little to apply the standard to Plaintiff's FOIA claim. Defendant summarizes the facts of this case and then states the standard that applies to determining the adequacy of an agency's treatment of a FOIA request. Asserting that the test is the "reasonableness" of the agency's search for responsive documentation, Defendant concludes that its search in this matter was responsive and reasonable because it resulted in the transmission of the two MGTV forms to Plaintiff's counsel.

The Court is unprepared to dismiss Plaintiff's FOIA claim on the basis of Defendant's assertion of reasonableness. Defendant has made no attempt to explain how this claim would be subject to dismissal under Rule 12(b)(1) as depriving this Court of subject matter jurisdiction. Further, while it does fall to a Plaintiff to demonstrate subject matter jurisdiction, the record submitted by Defendant apparently supports Plaintiff's claim that he made two separate FOIA requests that requested different documents, but those requests were treated as duplicative by Defendant, who disregarded the second, broader request. The Court will not attempt to create a legal argument for Defendant, and will permit Plaintiff's FOIA claim to go forward. Defendant's Motion to dismiss Plaintiff's FOIA claim is DENIED.

      B.     **Plaintiff's remaining claims**

As set forth above, the Court has determined that Defendant seeks to have Plaintiff's three remaining claims dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to exhaust his remedies at the administrative level. As the Court of Appeals for the Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007):

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id*. at 548.

If an allegation in the complaint is capable of more than one inference, the Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must allege either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id*. (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Pro se pleadings are generally liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In making its argument for dismissal of these three claims, Defendant has relied heavily upon the records as prepared by affiant Vanessa Herbin-Smith, Supervisory Paralegal Specialist

7

with Defendant. As set forth above, a motion under 12(b)(6) must rely on the evidence in the pleadings.

Should a court seek to consider evidence outside the pleadings in support of a 12(b)(6) motion, the Sixth Circuit has held that it must treat that motion as a motion for summary judgment. *See Friedman v. United States*, 927 F.2d 259, 261 (6th Cir. 1991). In such an event, a plaintiff must receive notice of a court's intention to convert a 12(b)(6) motion to a motion for summary judgment in order for the plaintiff to have an opportunity to respond. *See Allstate Ins. Co. v. LG&E Energy, LLC*, 201 Fed. App'x 311, 316 (6th Cir. 2006) (citing *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995)).

However, in this instance, Plaintiff himself has moved the Court to convert Defendant's 12(b)(6) motion into a motion for summary judgment (Doc. 15). On the same date, Plaintiff provided a response in opposition to the motion for summary judgment (Doc. 16) in the event that the Court did convert the motion. Therefore, no prejudice will result from the Court's treating Defendant's Motion as a motion for summary judgment and ruling on it as such. Plaintiff's Motion to Treat Defendant's 12(b)(6) Motion as a Motion for Summary Judgment is GRANTED.

Having considered the affidavit of Ms. Herbin-Smith provided by Defendant, the Court concludes that Plaintiff has failed to exhaust his administrative remedies on his second, third and fourth claims. At no point during the administrative process did Plaintiff raise any claim that Defendant's policies were themselves arbitrary and capricious, or were so as applied to him, nor did he raise any issues regarding his Fifth Amendment right to Due Process. *See* Herbin-Smith Aff. at ¶¶ 20-22, Doc. 13-2 at10. Plaintiff attempts to construe his requests for the MGTVs as notice to Defendant that he found fault with Defendant's policies, both in and of themselves and

as applied to him.  According to Plaintiff, his assertion that the greater security level did not properly apply to him should have notified Defendant that he was challenging those policies.  Further, he suggests that his complaints and appeals should have prompted Defendant to inform him that he should invoke his Fifth Amendment right to Due Process.  The Court is unconvinced.

Plaintiff had clearly requested particular forms from Defendant.  He clearly sought to understand how those forms, and the resultant elevation of his security classification, applied to him.  However, his requests in no way implicated the policies and procedures of Defendant or suggested that his Due Process rights had been violated.  The Court finds that Plaintiff has failed to exhaust his administrative remedies on claims two, three and four.  Therefore, Defendant's Motion to Dismiss with respect to these claims, which this Court has construed as a Motion for Summary Judgment, is GRANTED, and all three claims are dismissed.

### III. Conclusion

For the reasons stated herein, Plaintiff's Motion to Treat Defendant's 12(b)(6) Motion as a Motion for Summary Judgment is GRANTED.  Defendant's Motion to Dismiss is DENIED as to Plaintiff's FOIA claim, and GRANTED as to all other claims.  All claims but Plaintiff's FOIA claim are hereby dismissed.

IT IS SO ORDERED.

DATED:  February 18, 2010           */s/ John R. Adams*_____
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT