UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO J. ROBINSON, | ) | CASE NO.  4: 09 CV 1443 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | [Resolving Doc. 18] |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's Cross Motion for Partial Summary on Count I of Plaintiff's Amended Complaint.  (Doc. 18).  Count I alleges a violation of the Freedom of Information Act, 5 U.S.C. § 522(a)(6)(A)(i)("FOIA").

For the reasons stated below, Plaintiff's motion is denied as Plaintiff's FOIA claim is moot.

**I.  Background**

The pleadings and evidence on file establish the following facts.  Plaintiff is an inmate with the Federal Bureau of Prisons (hereinafter "Defendant" or "BOP") at FCI Elkton.  In September 2007, Plaintiff became subject to a management variable ("MGTV") that elevated Plaintiff's security status, requiring that he be housed in a part of FCI Elkton with increased security and restricted visitation.

Plaintiff sought to determine why the greater security MGTV had been applied to him. To this end, he made requests in accordance with internal prison grievance procedures for a copy of the documentation pertaining to the MGTV that had been placed on him.  After several

1

attempts to obtain such documentation proved futile, Plaintiff was advised to make a request for the documents under FOIA.

On April 24, 2009, Plaintiff made a FOIA request for a copy of the original EMS-409 "Application of Management Variable" form placed on him for the time period from September 2007 to September 2008.  This request was received in the FOIA/PA Section of the Federal Bureau of Prisons on May 4, 2009 and was assigned a request number, 2009-06963.

Plaintiff made a second request pursuant to FOIA on May 17, 2009.  Plaintiff's second request was received in the FOIA/PA Section of the Federal Bureau of Prisons on May 22, 2009.  Plaintiff's second request asked for "the form known as an EMS-409 prepared or entered into my records in August, September, or October 2007, as well as any other records relied upon by the Designation and Sentence Computation Center on or about September 24, 2007 in determining that a Greater Security Management Variable should be applied to my classification."  This second request was treated as a duplicate of Plaintiff's first request, and no further action was taken in response to it.

On June 16, 2009, the BOP released two pages of records to Plaintiff's attorney in response to FOIA request number 2009-06963.  The records released were copies of the MGTVs that were applied to Plaintiff.

Plaintiff believed more documents existed responsive to his requests and filed this action on June 24, 2009.  Count I of Plaintiff's Amended Complaint alleges Defendant violated FOIA in failing to respond to his May 22, 2009 request within 20 business days of receipt as required

by 5 U.S.C. § 522(a)(6)(A)(1).[1]

## II. Legal Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-moving party. The non-moving party may not simply rely on its pleadings; rather it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1996). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242248 (1986). Moreover, Fed. R. Civ. P. 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

---

[1] The Court previously granted Defendant's Motion to Dismiss (Doc. 13) as to all other claims alleged by Plaintiff.

3

### III. Analysis

In his motion, Plaintiff contends there is no genuine issue of material fact that Defendant violated FOIA.  Specifically, Plaintiff contends there is no dispute that Defendant received his May 22 FOIA request seeking an "expanded scope" of documents from those he requested on May 2, 2009 but Defendant took no action in response.  Plaintiff seeks partial summary judgment in his favor on Count I, an order directing Defendant to produce the records requested in the May 22nd request and reimbursement of his costs incurred in this action.

Defendant opposes Plaintiff's motion on the ground that the two documents it released to Plaintiff on June 16, 2009 are the only records it has responsive to Plaintiff's May 22, 2009 request, rendering the request moot.  Defendant submits the affidavit of Donna Johnson, Paralegal Specialist for the Federal Bureau of Prisons.  Johnson states that another search by Unit Team staff at FCI Elkton was conducted in February 24, 2010 searching for records requested in both Plaintiff's first and second requests, but the only responsive records found were the two documents previously released to Plaintiff.  Defendant further contends it was reasonable for it to consider Plaintiff's second FOIA request duplicative of the first.

In reply, Plaintiff concedes no basis remains for his FOIA claim.  He accepts Defendant's assertion that it has produced all existing documents responsive to his second FOIA request. Accordingly, Plaintiff asserts that his FOIA action should be dismissed.  However, Plaintiff contends costs should be taxed to Defendant pursuant to 5 U.S.C. § 522(a)(4)(E).

Given that there is now no dispute between the parties that the BOP has released in full the records Plaintiff has requested pursuant to FOIA, Plaintiff's FOIA claim is now moot.  *See, e.g., Isasi v. Office of Attorney General*, 594 F.Supp.2d 12, 14 (D.D.C. 2009) (dismissing FOIA

4

action as moot where there was no dispute that the requested records had been released); *West v. Spellings*, 539 F.Supp.2d 55, 61 (D.D.C. 2008) (Count I of the complaint dismissed as moot because the agency released the records requested). "[H]owever fitful or delayed the release of information under FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). Accordingly, Count I of Plaintiff's Amended Complaint is dismissed as moot.

Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), the Court may "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." A plaintiff substantially prevails if he "obtained relief through either . . .a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not substantial." 5 U.S.C. § 552(a)(4)(E)(ii). The decision to award fees and costs is left to the Court's discretion. *Dasta v. Lappin*, 657 F.Supp.2d 29, 32 (D.D.C. 2009).[2]

Although the BOP has not addressed the propriety of costs under 5 U.S.C. § 552(a)(4)(E), the Court does not find costs appropriate. A plaintiff need not win a lawsuit or receive a court order compelling the production of documents to recover costs. However, a plaintiff "will have substantially prevailed if it demonstrates that prosecution of the lawsuit was reasonable necessary to obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information." *Dixie Fuel Co. v. Callahan*, 136 F.Supp.2d 659, 662 (E.D. Ky. 2001)(quoting *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir.

---

[2]Plaintiff acknowledges that since he is proceeding *pro se*, he is not entitled to recover attorneys' fees; he seeks only his costs.

1998)).

Here, although it is unfortunate that it was not made clear to Plaintiff before he filed his lawsuit that the documents provided to him in June 2009 were the only documents Defendant possessed responsive to both of Plaintiff's requests, Plaintiff's lawsuit had no influence on the BOP's release of responsive documents.  Rather, the BOP released all responsive documents prior to this lawsuit in response to Plaintiff's first request.  The lawsuit did not have a causative effect upon the release of information.[3]

**IV. Conclusion**

For the reasons stated above, Plaintiff's FOIA action is moot.  Therefore, the FOIA action is dismissed and Plaintiff's motion for partial summary judgment is denied.  Plaintiff's request for costs is denied.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: April 19, 2010				   */s/ John R. Adams*
					JOHN R. ADAMS
					United States District Judge

---

[3]At most, Plaintiff's lawsuit can be said to have caused the BOP to conduct a second search to ensure that all responsive documents were released.  However, the second search revealed no additional responsive records.